FILED 07 FEB '25 10:35 USDC-ORP

George Lee Marshall Jr
1666 D St
Las Vegas, NV 89106
Ph: 971-570-5876
Email: thebrailleguy@aol.com

### IN THE CIRCUIT COURT OF THE STATE OF
### OREGON FOR THE COUNTY OF MULTNOMAH

**GEORGE LEE MARSHALL JR,**
PLAINTIFF,

vs.

**OREGON DEPARTMENT OF CORRECTION (ODOC), HEIDI STEWARD/DIRECTOR, I C CORRECTION INC (ICSC), AND NATHAN SCHULTE/PRESIDENT,**
Defendants

Case No.: 3:25-cv-206 SB

**COMPLAINT FOR MONITARY DAMAGES PERTAINING TO NO REFUND POLICY ON MISSED OR CANCELED VIDEO VISITS**

1. This action arises under the Unlawful Trade Practice Act, in the course of business, defendants used Unconscionable tactics, Knowingly permits a customer to enter into a transaction from which the customer will derive no material benefit; ORS 646.607 Unlawful business trade practices (1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation.(2) Fails to deliver all or any portion of real estate, goods or services as promised, **and at a customer's request, fails to refund money that the customer gave to the person to purchase the undelivered real estate, goods or services** and that the person does not retain pursuant to any right, claim or defense the person may assert in good faith.

2. The actions of Defendants, Heidi Steward, OREGON DEPARTMENT OF CORRECTION (ODOC), and NATHAN SCHULTE, ICS CORRECTION INC. (ICSC) ("Defendants"), hereinafter described, have occurred in Multnomah County and the State of Oregon, and as set forth below are in violation

of the Oregon Unlawful Trade Practices Act (UTPA), 646.607(1), (2) *et seq.* and its substantive rules.

3. Jurisdiction over the subject matter lies with this Court pursuant to the Oregon Unlawful Trade Practices Act, 646.607(1), (2) *et seq.* This Court has personal jurisdiction to hear this case pursuant to ORCP 4(a), in t h a t , upon information and belief, some of the transactions complained of herein, and out of which this action arose, occurred in Multnomah County, Oregon. Defendants engaged in substantial activities within the State by operating a business that provides services to consumers. All transactions took place in the course of Defendants' business. Defendant's conduct, as described in this Complaint, was willful within the meaning of ORS 646.605(10).

4. Defendant NATHAN SCHULTE is the President of ICS CORRECTIONS INC., which is a Florida corporation with its principal place of business located at 2200 Danbury Street San Antonio, TX 78217

5. Defendant NATHAN SCHULTE is an individual and is the PRESIDENT and 50 percent shareholder of ICS CORRECTIONS INC.

6. Defendant NATHAN SCHULTE currently resides, and may be served, at 10880 LINPAGE PLACE, ST. LOUIS, MO 63132

7. Defendant NATHAN SCHULTE is being sued in his individual capacity as well as in his capacity as officers and President of Defendant ICSC.

8. Defendant HEIDI STEWARD is the Director of ODOC is a municipal entity with the capacity to sue and be sued. It is under the laws of the State of Oregon.

9. Defendant HEIDI STEWARD is an individual and is the Director of ODOC. Defendant HEIDI STEWARD may be served, at 3723 Fairview Industrial Dr SE #200,    Salem, OR 97302.

10. Defendant HEIDI STEWARD is being sued in her individual capacity as well as in her official capacity as officers and Director of ODOCs.

11. On information and belief, Defendants Steward and Schult, at all relevant times hereto, operated, dominated, controlled and directed the business activities of Defendant ODOC, causing, personally anticipating in, and/or ratifying the acts and practices of Defendant ODOC, as described in this Complaint.

12. Specifically, Defendants Steward participated personally (1) in the establishment of the non-refund policies and practices affecting consumers who missed their scheduled video visit described in this Complaint; Steward and Schult are liable for these acts in which they personally participated as well as the acts of ODOC, its employees and other agents because Defendants Steward and Schult controlled and/or directed these acts.

13. Defendants are engaged in "trade" and "commerce" as defined in ORS 646.605(8). Defendants were, at all times relevant herein, engaged in the business of advertising, offering, or distributing goods and services that directly and indirectly affect consumers in Oregon.

14. Defendants were engaged in "AIC's video interactive phone (VIP)" within the meaning specified in 646.605(7). Defendants, upon information and belief, at all times elevant herein, used the technology of video visiting prisoners to initiate contact with consumers who had loved one incarcerated in ODOC, within the county of Multnomah and other counties within the State of Oregon.

15. For purposes of this Complaint, the terms "Defendants," unless otherwise specified, shall refer to all Defendants; and when used in conjunction with allegations of unlawful conduct, shall mean that each Defendant committed such act and/or is legally accountable for such act.

### STATEMENT OF FACTS

16. At all times relevant to this action, Defendants advertised, offered for sale, and sold VIP contracts with policies of nonrefundable transaction for missed scheduled visits, (collectively referred to as "VIP contracts") to consumers within the State of

Oregon, including Multnomah C o u n t y . Defendants engaged in the selling of AIC's VIP with nonrefundable transaction for missed scheduled visit. And/or cancelled visits.

## *DEFENDANTS' REFUND PRACTICES*

17. ODOC has contracted with ICS Corrections to provide communications and account billing services to AICs. To receive a telephone or video interactive phone (VIP) call, friends and family members must validate their telephone number by setting up an account through ICS Corrections' billing agent IC Solutions.

18. Once an account is c r e a t e d , you will then select "Validate Phone Number" from the "What would you like to do?" drop down menu. Friends and family members will be required to provide a credit/debit card number *(for authorization purposes only)*, be in possession of the phone they wish to validate and be capable of receiving a text message.

19. Once your number is validated, you will be eligible to receive both telephone and video interactive phone (VIP) calls. The entire online phone number validation process typically takes less than 5 minutes.

20. If a valid credit/debit card or cell phone are not available, you may validate your telephone number by emailing a copy of a valid telephone bill and government issued ID to **customer@icsolutions.com** or via mail to the following address. Phone number validation requests sent in by mail typically take 5 to 7 business days to process.

21. Once the account is set up and you select schedule a visit, you are directed to ODOC Visitation Rule.

**Visitation Rules**

**22. Please read all of the rules c o m p l e t e l y prior to moving forward. Not knowing the rules will not be accepted as an excuse for not following them. Disobeying any rule may result in you being banned from visiting detainees or criminal charges being pursued when applicable.**

- All video calls are subject to monitoring and recording.

- Video calls must be scheduled 12 hours prior to the appointment or up to 2 weeks in advance.
- In-Person, Non-Contact visits (where permitted) must be scheduled 72 hours prior to the appointment or up to 2 weeks in advance.
- All additional visitors must be listed for video calls and In-Person visits.
- AIC's cannot have back to back video calls.
- Please be advised if an AIC is in ANY program (work assignments, classes, programs etc.), they are NOT eligible to receive the video call at that time. Please schedule your video calls around the AIC's schedule.
- To schedule a video call, visitors will need to have at least $5.88 in their IC Solutions prepaid account.
- The $5.88 will be taken from your prepaid account at the time your video call is scheduled.
- There is no cost for In-Person, Non-Contact visits.
- Cancelled video calls will automatically be refunded.
- No refund will be issued for missed or terminated video calls.
- Internet connectivity issues during video calls will not be refunded.
- Visitors must download The Visitor™ application and test their connection.
- Visitors should connect and test a few minutes before their visit start time.
- Headphones are recommended for visitors to avoid audio feedback during video calls.
- Appropriate dress is required at all times for video calls and In-Person, Non-Contact visits. ** Nudity, Partial Nudity, Sexual Acts, Simulated Sexual Acts, or depiction thereof is prohibited.
- You will not be allowed to visit under the influence of alcohol/drugs.
- Use of cell phones or other electronic devices during visits is prohibited. No pictures, screenshots or videos are to be taken of the video call session.
- Any AIC or visitor whose behavior is disruptive during a video call or In-Person visit may have his/her visiting privileges suspended/terminated.
- Staff can deny, change, or cancel a video call or In-Person visit at any time.
- Each video call session will show a timer to display elapsed time. Timer begins at the start time of the scheduled video call. If you log in late, you will be allowed to use the time remaining.

- After your video call has ended your connection will be terminated; however, *you must close the application to disconnect from the video platform.*

    23.  For ODOC specific visitation rules please go to their webpage:

    *https://www.oregon.gov/doc/visiting/Pages/covid-visiting-rules.aspx*

    24.  Clicking the Agree button below you are stating that you have read the above rules, or had them explained to you, and understand them.

    25.  The policy states Cancelled v i d e o calls will automatically be refunded. No refund will be issued for missed or terminated video calls. Internet connectivity issues during video calls will not be refunded. You are asked to agree to the terms or disagree. If a consumer disagrees they will not be approved to video visit their love ones.

    26.  When consumers miss their scheduled visitation and asked for a refund of their money, ICSC tells the consumer they agreed to ODOC visitation rule of no refunds.

    27.  The policy is Employing an unconscionable tactic in the scheduling of AIC's video visits. ORS 646 unlawful trade practices. (9) Unconscionable tactics (b) Knowingly permits a customer to enter into a transaction from which the customer will derive no material benefit; ORS 646.607 Unlawful business trade practices (1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation.(2) Fails to deliver all or any portion of real estate, goods or services as promised, **and at a customer's request, fails to refund money that the customer gave to the person to purchase the undelivered real estate, goods or services** and that the person does not retain pursuant to any right, claim or defense the person may assert in good faith.

    **28.**  Through their agents, employees, representatives, and in concert with others, have operated as a common enterprise and regularly make transaction off consumer accounts who has went onto ICSC webpage and made a s c h e d u l e d  video visit with an AIC., and), **fails to refund money that the customer gave to this company to purchase undelivered services, (2).**

29. The plaintiff set up an account and placed $50 in the account with I.C Solution to have visitation rights to video visit Rebecca Leohr. From April 5, 2023, to September 17, 2023, 15 scheduled VIP was missed by the plaintiff, he called IC Solution to request a refund of his money. IC Solution told him that he agreed to ODOC visitation rule upon scheduling the visit.

30. From May 6, 2023, to July 11th, 2023, Rebecca Leohr was in the whole and was allow to schedule the visit but wasn't allow to see Mrs. Leohr. ODOC and IC Solution debted 5.88 out of the account and never refunded the funds.

### FIRST CLAIM FOR RELIEF (ORS 646.607(1))

31. Plaintiff re-alleges and i n c o r p o r a t e s each and every allegation contained in the preceding paragraphs.

32. Defendants willfully e m p l o y e d unconscionable tactics in violation of ORS 646.607(1) when, in the course of business, Defendants used Unconscionable tactics(9), (b) by Knowingly permitting a customer to enter into a transaction from which the customer will derive no material benefit; ORS 646.607, Unlawful business trade practices (1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation.(2) Fails to deliver all or any portion of real estate, goods or services as promised, **and at a customer's request, fails to refund money that the customer gave to the person to purchase the undelivered real estate, goods or services** and that the person does not retain pursuant to any right, claim or defense the person may assert in good faith.

33. Under ORS 646.607(1) and ORS 646.607(2), a trade practice is considered unfair if it **indulges** in breach of public policy, has the capacity to deceive a substantial portion of the populace, and significantly impairs consumers. The application of ODOC V I S I T A T I O N RULE dovetails precisely with the current practices of both ODOC and ICSC institutions relative to the retention of VIP fees.

34. The policy of retaining this fee w i t h o u t providing the service is contradictory to the principles of fairness and honesty deeply rooted in commerce and transaction-related exchanges. With the existent policy, therefore, it could be seen as a willful and intentional strategy to exploit consumers, who in most cases, simply desire to connect with their loved ones in confinement.

35. ICSC performed VIP services i n Oregon, including in Multnomah. Acting alone or in concert with others, ODOC formulated, directed, controlled, had the authority to control, and personally participated in the acts and practices set forth in this Complaint.

PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff, G e o r g e Lee Marshall Jr, prays for a judgment in favor of the Plaintiff and against Defendants, jointly and severally, as follows:

**RELIEF REQUESTED**

37. WHEREFORE, plaintiff requests that the court grant the following relief.

A. Issue a declaratory judgment stating that:

1. Defendants actions in the willful employment of unconscionable tactics by establishing a non refund policy violating ORS 646.607(1)

B. Award compensatory damages in the following amounts:

1. Awarding such relief as the Court finds necessary to redress harm to consumers.

2. Awarding civil penalties up to $100,000 for each willful violation of ORS 646.607 and 646.608.

3. Grant such other relief as it may appear that plaintiff is entitled.

DATED this 21th day of January 2025.

Respectfully submitted,

I Am: *George Marshall*
Name: Natural Person, In Propria Persona, Sui Juris, Sui Heredes, Authorized Representative; All Rights Reserved.

9

George L Marshall
1666 D St
Las Vegas, NV (89106)





9589 0710 5270 1715 9487 52

CERTIFIED MAIL



9589 0710 5270 1715 9487 52

U.S. District Cou[rt]
1000 SW 3rd Ave #
Portland, OR 97204